**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HASAN MD FUYADAL, Petitioner** | : | **No. 3:26cv2379** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **TODD BLANCHE, Acting Attorney General of the United States of America; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security (DHS); DAVID VENTURELLA, Acting Director, United States Immigration and Customs Enforcement (ICE); FIELD OFFICE DIRECTOR, Philadelphia Field Office, U.S. Immigration and Customs Enforcement; and WARDEN, Clinton County Correctional Facility, Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM ORDER**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner MD Fuyadal Hasan.[1] (Doc. 1). Hasan is a native and citizen of Bangladesh in the custody of the Department of Homeland Security

[1] Petitioner's name is altered in the body of this memorandum to be consistent with corrections made within the Executive Office of Immigration Review, (see Doc. 4-3, Removal Order, at ECF p. 6) (correcting petitioner's name to be consistent with his birth certificate)), and Department of Homeland Security records, (see Doc. 4-1, I-213 Form).

("DHS"), Immigration and Customs Enforcement ("ICE") at the Clinton County Correctional Facility.[2] Id. ¶¶ 9, 16; Doc. 4-1, I-213 Form, at ECF p. 1. His petition advances three claims of unlawful detention in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Id. ¶¶ 66–82. For the reasons set forth below, the petition will be granted. Hasan will be released.

According to documents supplied by the respondents, Hasan is 29 years old. (Doc. 4-1, I-213 Form, at ECF p. 1). He was encountered by an officer from the United States Border Patrol on September 1, 2024 in Lukeville, Arizona. Id. at ECF p. 3. He was served with notice forms associated with expedited removal. Id. Hasan was not removed at that time. Rather, DHS released the petitioner and served him with a Notice to Appear charging him with violating 8 U.S.C. § 1182(a)(6)(A)(i) as being present in the United States without being admitted or paroled and with violating 8 U.S.C. § 1182(a)(7)(A)(i)(I) as not being in possession of valid travel documents. (Doc. 1, Pet., ¶ 2; Doc. 4-2).

---

[2] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Hasan filed the instant petition while detained at Clinton County Correctional Facility in McElhattan, Pennsylvania. (Doc. 1 ¶ 1). The petitioner asserts that his continued detention violates the Immigration and Nationality Act and his right to due process. (Doc. 5, Traverse, at ECF p. 5). Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

On April 7, 2026, an immigration judge ("IJ") found Hasan to be removable and inadmissible under the above statutory provisions. (Doc. 4-3 at ECF p. 3). Petitioner's claims for asylum and withholding of removal were denied. Id. The IJ ordered petitioner removed to Bangladesh. Id. at ECF p. 5. Petitioner promptly appealed that determination to the Board of Immigration Appeals. (Doc. 4-4). That appeal remains pending and has not yet been briefed by the parties.[3]

On August 6, 2026, municipal police officers from the Borough of South Williamsport conducted a traffic stop of a vehicle (Doc. 4-1, I-213 Form, at ECF p. 2). Hasan was a passenger. Id. According to the government, the borough has a partnership agreement with ICE under Section 287(g) of the INA, 8 U.S.C. § 1357(g), and record checks indicated that Hasan was eligible for detention. Id. South Williamsport officers detained the petitioner on an ICE warrant and transported him to the Williamsport enforcement and removal operations office for processing. Id. He has been detained by ICE since that time.

Hasan's removal order is not final. Therefore, petitioner's detention is governed by 8 U.S.C. § 1226(a), Buele Morocho v. Warden Phila. FDC, ___ F.4th ___, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026), and not Section

[3] The court confirmed this information using the Executive Office for Immigration Review's case status website by inputting the petitioner's A-number and nationality. *Automated Case Information System*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/ (last visited Sept. 17, 2026).

1225(b)(2)(A) as the respondent has asserted. (Doc. 4). Because Section 1226(a) and its implementing regulations "require[ ]" a bond hearing, Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018), respondent is violating the INA and its implementing regulations by not providing one. See Buele Morocho, 2026 WL 2546223, at *1 (citing 8 U.S.C. § 1226(a)(2); 8 C.F.R. § 1236.1(c)(8)) ("Unlike § 1225(b)(2)(A), § 1226(a) permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk.").

With respect to the petitioner's due process rights, like the Buele Morocho court, this court considers the Mathews[4] factors to determine "whether detention without bond of noncitizens who have lived in the United States for extended periods of time with no criminal records violates due process." Id. at *9–10. As to the first factor, "the private interest that will be affected by the official action," the Buele Morocho court held that "mandatory detention implicates [the] 'constitutionally protected interest in avoiding physical restraint.'" Id. at *9 (quoting Mathews, 424 U.S. at 335; Kansas v. Hendricks, 521 U.S. 346, 356 (1997) (citations omitted)). And so, it does here.

The second factor concerns "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional

[4] Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

or substitute procedural safeguards." Id. (quoting Mathews, 424 U.S. at 335). The Buele Morocho court found such risk exists in situations like here, because of "the absence of an opportunity for a neutral decisionmaker to assess" the dangerousness or flight risk of a defendant. Id.

As to the third factor, "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," id. (quoting Mathews, 424 U.S. at 335), the court held that the "legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here, particularly when [the] non-criminal individuals were detained absent evidence that either is dangerous or a flight risk, and the Government has not argued that bond hearings are unduly burdensome." Id. at *10 (citation modified).

On this third factor and the ultimate disposition of this habeas petition, Hasan does not have a criminal record and there is no indication that he is a flight risk. He was not targeted by ICE for arrest and detention as part of its enforcement operations. He was a passenger in a vehicle ostensibly pulled over for state vehicle code violations and the municipal police officers involved had authority to enforce federal immigration law due to its Section 287(g) agreement with the government. There is no indication that Hasan resisted those officers at

the time of arrest. Further, there is no evidence that he failed to appear at any immigration proceedings in the past.

Weighing the Mathews factors, the failure to provide Hasan with a bond hearing violated his right to procedural due process. Buele Morocho, 2026 WL 2546223, at *10. Therefore, his petition will be granted. Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). In this case, only immediate release will remedy the due process violation that Hasan has experienced. The government will also be temporarily enjoined from re-arresting the petitioner for a period of seven days to ensure the effectiveness of the habeas remedy. The government may also not impose additional conditions on Hasan's release, including any form of body-worn electronic monitoring, unless those conditions were in place prior to detention.

Consequently, it is hereby **ORDERED** that:

1) MD Fuyadal Hasan's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) The government shall immediately release Hasan from its custody;

3) On or before September 22, 2026, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Hasan has been released;

4) The government shall release Hasan under the same conditions that existed prior to his detention, including release: (1) in an area where the petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

5) The government is temporarily enjoined from re-arresting Hasan for a period of 7 days to ensure that this habeas remedy is effective;

6) The Clerk of Court is directed to enter judgment in accordance with this memorandum order; and

6) The Clerk of Court is directed to **CLOSE** this case.[5]

[5] Petitioner requests attorney's fees pursuant to 28 U.S.C. 2412. (Doc. 1 at 23). A petition for writ of habeas corpus challenging immigration detention under 28 U.S.C. § 2241 is a civil action for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and this

Date: 9/18/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

statute unambiguously applies here. Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 428, 432 (3d Cir. 2026). Petitioner may file a motion for costs and fees within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); see FED. R. CIV. P. 54(d).